United States District Court
Middle District of Florida
Jacksonville Division

**VINCENT MCCRUDDEN,**

**Plaintiff,**

**v.** **NO. 3:26-CV-1073-WWB-LLL**

**APEX TRADER FUNDING, INC., ET AL.,**

**Defendants.**

---

**Order**

Before the Court is Plaintiff's Motion for Leave to File Documents Electronically Through CM/ECF. Doc. 7. Plaintiff requests electronic filing privileges because the "costs of paper filing . . . impose[s] a[n] . . . ongoing burden on a fixed-income retiree . . ." and because both traveling to the Clerk of Court to file in person and mailing his filings imposes "recurring costs of round-trip travel . . . and create[] [a] real risk to [his] ability to comply with time-sensitive deadlines." *Id.* at 2, 3.

Plaintiff's speculation that travel or mailing requirements will inhibit his ability to timely respond to future filings does not constitute good cause or extenuating circumstances to justify access to the Court's ECF. *See Adkins v. Bernard*, 8:20-cv-2627-SDM-CPT, 2021 WL 11645454, at *10 (M.D. Fla. Apr. 26, 2021) (citations omitted) ("Courts typically deny *pro se* parties permission to file their submissions electronically using the courts' CM/ECF system unless the litigants make a showing of good cause or extenuating circumstances justifying such relief."). Moreover, at this juncture,

plaintiff's fixed income does not appear to hinder his ability to submit filings, as he was able to pay the filing fees for two lawsuits simultaneously. *See* doc. 7 at 3.

Plaintiff further suggests good cause exists because of his "competenc[y] with [the] electronic filing system . . ." through his prior experience as a pro se litigant. *Id.* at 4. This, however, does not constitute good cause; rather, it demonstrates plaintiff's familiarity with the Court's practices and procedures regarding filing and that he can readily access the docket and timely respond to pleadings and pending motions. Nevertheless, the Court will direct the Clerk of Court to add plaintiff's email address to the docket and to send notices of electronic filing to the specified email address. Plaintiff should be aware that the Clerk's Office will no longer mail paper copies.[1]

Additionally, plaintiff's motion fails to comply with Local Rule 3.01(g), which requires a party, prior to filing a motion, to confer with the opposing party and include a certification of conferral stating whether the requested relief is opposed. Middle District of Florida Local Rules. Plaintiff's motion fails to include the required good-faith certification, despite opposing counsel having appeared in this lawsuit on May 1, 2026. See doc. 3.

While the Court acknowledges that plaintiff is proceeding pro se, he is still required to abide by and comply with all orders and rules of this Court. *See generally* doc. 5 (directing the parties to read and comply with this Court's Local Rules and

[1] The Court notes that, irrespective of this Order, the United States District Court for the Middle District of Florida has elected to no longer permit pro se litigants to submit filings through the court's web portal as of August 1, 2025. https://apps.flmd.uscourts.gov/cmecf/filings.cfm (last visited May 6, 2026).

Standing Orders). Plaintiff is directed to carefully review the Federal Rules of Civil Procedure, found at https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure, the Local Rules of the United States District Court for the Middle District of Florida, found at https://www.flmd.uscourts.gov/local-rules, and this Court's Standing Orders, found at https://www.flmd.uscourts.gov/standing-order-judge-berger-revised-local-rules and https://www.flmd.uscourts.gov/standing-order-judge-berger-ai; plaintiff shall abide by these rules and Standing Orders in all future filings. Plaintiff is **cautioned** that future failure to comply with these rules or any Court order may result in his motions being denied without substantive review and the imposition of sanctions, including dismissal of his case.

It is **ordered**:

1. Plaintiff's Motion for Leave to File Documents Electronically Through CM/ECF, doc. 7, is **denied without prejudice**.
2. The Clerk of Court is **directed** to add plaintiff's email address as specified in the motion, vmcrudden@gmail.com, to the docket. The Clerk is further directed to send notices of electronic filing to this email address.

**Ordered** in Jacksonville, Florida, on May 6, 2026.

/s/ Laura Lothman Lambert
*United States Magistrate Judge*

c:

Vincent McCrudden, pro se plaintiff
31 Flyer Circle
Saint Johns, FL 32259
vmcrudden@gmail.com
Robert William Morris, Esquire