**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
Jacksonville Division

Vincent McCrudden,

Plaintiff,

v. Case No. 3:26-cv-1073-WWB-LLL

Apex Trader Funding, Inc. et al.,

Defendants.

## Uniform Case Management Report

The goal of this case management report is to "secure the just, speedy, and inexpensive determination of" the action. *See* Fed. R. Civ. P. 1. Under Local Rule 3.02(a)(2), this case management report should be used in all civil cases except those described in Local Rule 3.02(d). Individual judges may have additional case management preferences that can be found under each judge's name on the Court's website, flmd.uscourts.gov/judges/all.

### 1. Date and Attendees

The parties may conduct the planning conference "in person, by telephone, or by comparable means[.]" *See* Local Rule 3.02(a)(1).

The parties conducted the planning conference via e-mail between June 5th and June 10th 2026. Vincent McCrudden and Robert W. Morris participated in these communications.

### 2. Deadlines and Dates

The parties request these deadlines and dates:

| Action or Event | Date |
|---|---|
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | P: 7/15/26<br>D: 6/22/26 |
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | P: 9/15/26<br>D: 8/31/26 |

| | | |
|---|---|---|
| Fact discovery close | | P: 2/26/27; D: 2/26/27 |
| Deadline for serving expert disclosures under Rule 26(a)(2), including any report required by Rule 26(a)(2)(B). | Plaintiff | P: 3/19/27; D: 4/30/27 |
| | Defendant | P: 4/16/27; D: 6/30/27 |
| | Rebuttal | P: 4/30/27; D: 8/30/27 |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | | P: 5/28/27<br>D: 10/29/27 |
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). | | N/A |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | | P: 6/25/27<br>D: 1/31/28 |
| Deadline for participating in mediation. *See* Local Rules, ch. 4. | | P: 4/30/27<br>D: 1/15/27 |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | | P: 11/5/27<br>D: 3/31/28 |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | | P: 11/19/27<br>D: 4/28/28 |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | | TBD by Court<br>P: 12/2027<br>D: 5/31/28 |
| Month and year of the trial term. | | TBD by Court |

The trial will last approximately 5 days and be ☒ jury. ☐ non-jury.

## 3. Description of the Action

**P:** Plaintiff alleges that Apex operated an unregistered commodity pool and committed fraud in violation of the Commodity Exchange Act (7 U.S.C. §§ 1–26); that the individual Defendants are liable as controlling persons; and that all Defendants are liable under Florida law for breach of contract, fraudulent inducement, conversion, unjust enrichment, breach of fiduciary duty, unconscionability, and violation of the Florida Deceptive and Unfair Trade Practices Act. The claims arise from the closure of Plaintiff's account at payout-eligible status and the retention of $18,495.28 in profits. Plaintiff submits that this is not a complex case.
**D:** Defendants deny the allegations and agree that this is not a complex case.

## 4. Disclosure Statement

☒ Plaintiff has filed a disclosure statement using the required form.

☒ Defendants will file a disclosure statement when response to Complaint is filed.

**5. Related Action**

☒ The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

**6. Consent to a Magistrate Judge**

> "A United States magistrate judge in the Middle District can exercise the maximum authority and perform any duty permitted by the Constitution and other laws of the United States." Local Rule 1.02(a). With the parties' consent, a district judge can refer any civil matter to a magistrate judge for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).
>
> The Court asks the parties and counsel to consider the benefits to the parties and the Court of consenting to proceed before a magistrate judge. Consent can provide the parties certainty and flexibility in scheduling. Consent is voluntary, and a party for any reason can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2).

☐ The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

☒ The parties do not consent.

**7. Preliminary Pretrial Conference**

☒ The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

☐ The parties do request a preliminary pretrial conference, and the parties want to discuss enter discussion points.

## 8. Discovery Practice

| |
|---|
| The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District. |

☒ The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

## 9. Discovery Plan

The parties submit the following discovery plan under Rule 26(f)(2):

A. The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

☒ Yes.
☐ No; instead, the parties agree to these changes: enter changes.

B. Discovery may be needed on these subjects:

C. Discovery should be conducted in phases:

☒ No.

D. Are there issues about disclosure, discovery, or preservation of electronically stored information?

☒ No.

E. ☒ The parties have considered privilege and work-product issues, including whether to ask the Court to include any agreement in an order under Federal Rule of Evidence 502(d).

F. The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

☒ No.
☐ Yes; describe the stipulation.

## 10. Request for Special Handling

☒ The parties do not request special handling.

☐ The parties request special handling. Specifically, describe requested special handling.

☐ Enter party's name unilaterally requests special handling. Specifically, describe requested special handling.

## 11. Certification of familiarity with the Local Rules

☒ The parties certify that they have read and are familiar with the Court's Local Rules.

*THE PARTIES CERTIFY THAT GENERATIVE ARTIFICIAL INTELLGENCE WAS NOT USED IN ANY DRAFTING OF THIS FILING.*

## 12. Signatures

/s/ Vincent McCrudden

Vincent McCrudden
Plaintiff, ***pro se***
31 Flyer Circle
Saint Johns, FL 32259
(646) 220-9900
vmccrudden@gmail.com

/s/ Robert W. Morris

Robert W. Morris
*(admitted pro hac vice)*
Rmorris@morris-lawgroup.com
**MORRIS LAW GROUP**
35 Longvue Avenue
New Rochelle, NY 10804
C: (914) 216-1398