United States District Court
Middle District of Florida
Jacksonville Division

**VINCENT MCCRUDDEN,**

**Plaintiff,**

**v.** **NO. 3:26-CV-1073-WWB-LLL**

**APEX TRADER FUNDING, INC., ET AL.,**

**Defendants.**

---

**Order**

Before the Court is Apex's Motion to Dismiss Plaintiff's Second Amended Complaint or, in the Alternative, to Compel Arbitration, doc. 37, and plaintiff's response in opposition, doc. 41. In moving to compel arbitration, Apex repeatedly asserts that the Federal Arbitration Act (FAA) requires the Court to "either stay or dismiss a lawsuit . . . ." Doc. 37 at 7. This assertion culminates in Apex's request "that the Court dismiss the SAC in its **entirety**." *Id.* at 26 (emphasis added). However, Apex's motion ignores the Supreme Court's decision in *Smith v. Spizzirri*, in which the Court held that the "plain statutory text [of the FAA] requires a court to stay the proceeding" and leaves no "discretion to dismiss [a] suit on the basis that all the claims are subject to arbitration." 601 U.S. 472, 475–6 (2024). Despite the passage of over two years since *Spizzirri*, Apex, somewhat confusingly, continues to maintain that the Court has discretion to dismiss plaintiff's lawsuit upon compelling arbitration. *See*

*generally* doc. 37. Apex's motion, *id.*, is **denied without prejudice**. Apex is directed to refile its motion **on or before September 28, 2026**, using the proper standard set by the Supreme Court.

**Ordered** in Jacksonville, Florida, on September 15, 2026.

/s/ Laura Lothman Lambert
*United States Magistrate Judge*

c:
Vincent McCrudden, pro se plaintiff
31 Flyer Circle
Saint Johns, FL 32259
vmccrudden@gmail.com
Robert William Morris, Esquire
Bradley Jarrett, Esquire
Lauren Hillary Simenauer, Esquire
Travis Edward DeArman, Esquire