**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

VINCENT McCRUDDEN,

Plaintiff,

v. Case No. 3:26-cv-01073-WWB-LLL

APEX TRADER FUNDING, INC., et al.,

Defendants.
_______________________________/

# EXHIBIT A

Declaration of Vincent McCrudden

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

VINCENT McCRUDDEN,

Plaintiff,

v. Case No. 3:26-cv-01073-WWB-LLL

APEX TRADER FUNDING, INC., et al.,

Defendants.
_______________________________/

**DECLARATION OF VINCENT McCRUDDEN**

I, Vincent McCrudden, declare as follows:

1. I am the Plaintiff in this action and proceed pro se. I make this declaration on personal knowledge.

2. On May 6, 2026, the Court denied my motion for CM/ECF access, noted that it lacked a Local Rule 3.01(g) certification, and cautioned me that "future failure to comply with these rules or any Court order may result in his motions being denied without substantive review and the imposition of sanctions, including dismissal of his case." Doc. 11 at 3. The same day, the Court issued a Notice to Plaintiff cautioning me that failure to comply with its orders "may result in sanctions, including dismissal of this case." Doc. 12 at 5. The Court denied my renewed request for CM/ECF access on May 14, 2026. Doc. 14. I file on paper at the Clerk's Office.

3. I have participated in conferences with defense counsel, including the following, of which I made written records, each held by Zoom: on July 8, 2026, at 8:00 a.m. Eastern (Robert Morris, Lauren Simenauer, and a colleague, Jacques Friedman); on July 14, 2026, at 5:00 p.m. Eastern (Travis DeArman, Ms. Simenauer, Mr. Morris,

and Emelia Duguay); and on August 26, 2026, at 2:30 p.m. Eastern (Mr. Morris and Ms. Simenauer). See ¶ 10(h), (r). My memorandum of August 26 (Exhibit B) is headed "Contemporaneous record of telephone conference," and my Amended Response (Doc. 57 at 2) refers to that conference as a telephone conference. As the body of the memorandum states, the conference took place by Zoom.

4. At the July 8 conference, Mr. Morris stated that I was wrong on the law, and asked whether I was prepared to reimburse Defendants in connection with what he described as a faulty lawsuit and an AI certification mistake. I recorded this in my email to him that morning. ¶ 10(i). In my email of July 9, 2026, I recorded his statements that I did not know the law and did not understand where we were in the process, and his question whether I would reimburse him for an unverified citation. ¶ 10(m). His email of July 8, 2026, confirms the reimbursement comment. ¶ 10(j). Neither side recorded the conference. ¶ 10(k).

5. At the August 26 conference, Mr. Morris stated that he was an officer of the Court and was acting in the Court's interest so as not to waste the Court's time. He conveyed that he could not give me legal advice while indicating that I did not know what I was doing. I said that I would not be talked down to. I recorded the conference in a memorandum the same day. Exhibit B is a true and correct copy. At that conference I agreed to extend Defendants' time to respond to my discovery from September 3 to September 14, 2026.

6. On September 11, 2026, I extended Defendants' time to respond again, to September 28, 2026. Defendants served responses by email at 11:23 p.m. on September 28, 2026. They produced no documents and answered no interrogatories.

The specific responses object on the ground that discovery should not proceed "while a motion to stay pending the resolution of a motion to compel arbitration is pending." On September 28, no motion to stay was pending.

7. On September 29, 2026, I sent defense counsel a written list of deficiencies in those responses (items 1–22) and requested their written positions by October 1, 2026, at 5:00 p.m. As of the date of this declaration, Defendants have not provided them.

8. The matters defense counsel and I have resolved were resolved in writing, apart from the extension I granted at the August 26 conference. The Uniform Case Management Report (Doc. 21) was negotiated by email on June 9–10, 2026. ¶ 10(e)–(f). The dispute over the personal-background material was resolved by defense counsel's July 14 revised draft and my written answer of July 15. ¶ 10(o)–(p). Defendants' agreement to my motion for extension (Doc. 29) was given in writing, and the motion was certified on that exchange. The corrections defense counsel requested by email on September 4 and September 30, 2026, I made by filing (Doc. 50; Doc. 57). ¶ 10(v), (y).

9. Exhibit C is a true and correct copy of Mr. Morris's email to me of September 1, 2026, at 11:49 a.m., with my email of 10:32 a.m. that day to which it responds.

10. The following are true and accurate quotations from emails between defense counsel and me, printed from the account support@dinkandlobfl.com. Times are Eastern as shown in the account's message headers; times marked "approximately"

are converted from a printout that shows a different time zone. I will provide complete copies to the Court on request.

(a) Apr. 21, 2026, 5:55 p.m., Mr. Morris to me: "I do have a question — in your view, are you permitted to trade securities?" My reply at 5:59 p.m.: "Yes, i have securities accounts in good standing and actively trade them."

(b) Apr. 24, 2026, 12:53 p.m., me to Mr. Morris: "Based on your question earlier this week, please be advised that I would contest any submissions to the Court not relevant to this instant case or facts." And: "I am putting Defendants on notice now: any submission to the Court that injects extraneous, irrelevant, or prejudicial material about Plaintiff's background for the purpose of biasing the Court will be met with a motion to strike and a request for sanctions under Rule 11 and 28 U.S.C. § 1927."

(c) Apr. 28, 2026, 1:41 p.m., Mr. Morris to me (cc Mr. DeArman, Mr. Jarrett): "Please also understand that I and Apex's other lawyers cannot provide you any kind of legal advice." And: "Moreover, it is our view that your complaint is without a good-faith basis in fact or law. If you elect to proceed, Apex may seek sanctions." And: "I am also copying my co-counsel at McKool Smith on this email. Please copy them on any future communications."

(d) Apr. 28, 2026, 5:44 p.m., Mr. Morris to me (cc Mr. DeArman, Mr. Jarrett): "To be clear, any discussion regarding the potential of seeking sanctions relates, at this time, only to the inclusion of the individuals as named defendants."

(e) June 10, 2026, 8:22 a.m., me to Mr. Morris (cc Apex-McCrudden@mckoolsmith.com): "Consistent with my April 24, 2026 notice, I

reiterate that any submission to the Court that introduces or references such extraneous material about Plaintiff's background will be met with a motion to strike and a request for sanctions under Fed. R. Civ. P. 11(b)(1) and 28 U.S.C. § 1927." The same email stated: "And I will not tolerate a sneaky last minute attempt to add it as none of that was in the previous drafts."

(f) June 10, 2026, 9:05 a.m., Mr. Morris to me (cc Apex-McCrudden@mckoolsmith.com): "Please refrain from making unsubstantiated allegations such as your assertion below that we somehow made a "sneaky last minute attempt to add" anything." And: "In summary, we propose removing the entire list of subjects from Section 9(B) which will enable us to file the Uniform Case Management Report today." I approved the revised report by email at 9:15 a.m., and it was filed that day.

(g) July 6, 2026, 10:15 p.m., Mr. Morris to me (cc Apex-McCrudden@mckoolsmith.com): "But you provide no legitimate basis for your assertions and fail to identify any portion of Apex's filings that is unsupported or warrants sanctions." And: "It appears that you have already violated the Court's prohibition on the unverified use of generative AI. Apex reserves all rights concerning this and any additional misconduct." And: "Apex will not agree to an indefinite stay while you pursue a baseless "sanctions" motion."

(h) July 7, 2026, 6:10 p.m., Mr. Morris to me (cc Apex-McCrudden@mckoolsmith.com): "Are you available for a Zoom tomorrow at 8 am your time for our meet & confer?"

(i) July 8, 2026, 8:36 a.m., me to Mr. Morris (cc Apex-McCrudden@mckoolsmith.com): "You stated that Plaintiff is wrong on the law, asked whether Plaintiff was prepared to reimburse Defendants in connection with what you described as a faulty lawsuit and an AI certification mistake, and stated that Defendants OPPOSE the motion."

(j) July 8, 2026, 9:01 a.m., Mr. Morris to me (cc Apex-McCrudden@mckoolsmith.com): "One point of correction — my comment regarding reimbursement for our legal fees was related to our attempts at researching your citation to at least one non-existent case in your Complaint even though you completed the required AI certification to the Court prior to filing your Complaint." And: "I also note that, as you have done below, you appear to be attempting to drive up the costs of litigating this case by repeatedly seeking additional confirmations of things that we already agreed to."

(k) July 8, 2026, 11:14 a.m., Mr. Morris to me (cc Apex-McCrudden@mckoolsmith.com): "Did you record the meeting? If you did, please provide us with a copy of the recording today." My reply at 2:40 p.m.: "I did not record the meeting." His reply at 2:45 p.m.: "We did not record the meeting."

(l) July 9, 2026, 1:03 p.m., Mr. Morris to me (cc Apex-McCrudden@mckoolsmith.com): "If we do not hear from you prior to 5 pm Eastern, we will assume you oppose and inform the Court accordingly."

(m) July 9, 2026, approximately 1:26 p.m., me to Mr. Morris (cc Apex-McCrudden@mckoolsmith.com): "It was you that insulted me by stating that "I don't know the law" and "that I don't understand where we are in the process",

whatever that means." And: "You are constantly acting in bad faith. I can see why Apex retained you." In a further email that day I stated that my "separate Rule 11 motion was served on Defendants' counsel by email on July 8, 2026, and has not been filed."

(n) July 9, 2026, 1:44 p.m., Mr. Morris to me (cc Apex-McCrudden@mckoolsmith.com): "Finally, please maintain proper decorum and cease your personal insults and threats."

(o) July 14, 2026, 10:06 p.m., Ms. Simenauer to me (cc Apex-McCrudden@mckoolsmith.com, Mr. Morris): "As discussed, we understand we are at an impasse as far as the parties' positions on the subject of the motion" And: "However, we did make some changes to the introduction section of the brief regarding the parties' backgrounds. Please take a look and let us know if the changes that we made resolve the concerns underlying your motion to strike and motion for Rule 11 sanctions by tomorrow evening."

(p) July 15, 2026, 5:09 a.m., me to Ms. Simenauer (cc Apex-McCrudden@mckoolsmith.com, Mr. Morris): "I have reviewed the revised introduction, and the removal of the personal-background material and the associated citations addresses, in good faith, the specific concern underlying my motion to strike and the Rule 11 motion served July 8."

(q) July 16, 2026, 4:12 p.m., Mr. Morris to me (cc Apex-McCrudden@mckoolsmith.com): "Once you have had time to review our filing, can you please confirm that you are withdrawing your Rule 11 submission to us?

Can you also please inform the court that you are withdrawing your motion to strike (Docket 30)?"

(r) Aug. 25, 2026, 7:39 p.m., Ms. Simenauer to me (cc Mr. DeArman, Mr. Morris, Ms. Duguay): "If 2:30 PM eastern works for you tomorrow, I will send a zoom link."

(s) Sept. 1, 2026, 10:32 a.m., me to Mr. Morris (cc Apex-McCrudden@mckoolsmith.com): "Going forward, I will conduct correspondence and conferral in this action in writing, and I will attempt to respond promptly to written communications."

(t) Sept. 2, 2026, 7:52 p.m., Ms. Simenauer to me, Mr. Morris, and Mr. DeArman (cc Apex-McCrudden@mckoolsmith.com): "We are happy to correspond in writing, when allowed. In fact, I think it would help us frame and narrow disputes."

(u) Sept. 3, 2026, 10:27 a.m., me to Ms. Simenauer (cc Mr. DeArman, Mr. Morris, Apex-McCrudden@mckoolsmith.com): "I will comply with it when I am the movant, and I will make myself available when Defendants are." And: "Outside those instances, I understand written correspondence to be appropriate, and I agree it should help us frame and narrow disputes."

(v) Sept. 4, 2026, 2:03 a.m., Mr. Morris to me (cc Mr. DeArman, Apex-McCrudden@mckoolsmith.com, Ms. Simenauer): "Thus, your suggestions to the Court that Apex did not respond to your litigation hold letter or that Apex is somehow not preserving materials relevant to this lawsuit are simply false. We request that you immediately correct those statements and refile your papers." I filed a Notice of Correction. Doc. 50.

(w) Saturday, Sept. 26, 2026, 12:16 a.m., Mr. Morris to me, with no one else copied, forwarding a review of him posted on Martindale.com: "Are you the author of or did you have anything to do with this review being posted?" I did not write the review and had no involvement in it. Of the emails defense counsel have sent me since April 28, 2026, this is the only one, apart from a one-line reply on June 10, 2026, about the spelling of my name ("I will correct the misspelling and file the report."), that copied no other counsel.

(x) Sept. 28, 2026, 8:35 a.m., my reply to Mr. Morris (cc Ms. Simenauer, Apex-McCrudden@mckoolsmith.com, Mr. DeArman): I stated that I did not author the review or have anything to do with it. My reply contained profanity and personal remarks directed at Mr. Morris.

(y) Sept. 30, 2026, 11:33 p.m., Mr. Morris to me (cc Mr. DeArman, Ms. Simenauer, Apex-McCrudden@mckoolsmith.com): "We demand that you immediately correct the record by informing the Court that, in fact, Apex requested a meet & confer and Plaintiff refused to participate." And: "We demand that you immediately correct the record by again informing the Court again that your assertions concerning Apex's representations on document preservation were false and admit that there is absolutely no evidence that Apex is deficient in any manner regarding its document preservation obligations," And: "We reserve all rights including the right to move for sanctions for your continued misrepresentations to the Court, up to and including dismissal of your case with prejudice." I corrected the preservation sentence in my Amended Response. Doc. 57.

(z) Oct. 1, 2026, 12:24 p.m., me to Apex-McCrudden@mckoolsmith.com (cc Ms. Simenauer, Mr. DeArman, Mr. Morris): "Stop threatening sanctions in correspondence." And: "Please also propose a time this week for a telephone conference on those items."

(aa) Oct. 1, 2026, 4:14 p.m., Mr. Morris to me (cc Ms. Simenauer, Mr. DeArman, Apex-McCrudden@mckoolsmith.com): "While technically accurate, it is substantively misleading as my e-mail to you expressly requested "to meet & confer on two issues."" And: "Apex demands that you correct the record and remove the false sentence since Apex did, in fact request a meet & confer." And: "Second, with all due respect, making statements that are not true, repeatedly as you have done throughout this litigation, cannot reasonably be characterized as "oversights,"" And: "I previously requested that you maintain some level of professionalism. I renew that request now. Any further misconduct will be reported to the Court." And: "Finally, we will discuss your issues regarding Apex's responses to Plaintiff's discovery requests at the meet & confer."

(bb) Oct. 2, 2026, 1:09 p.m., me to Mr. Morris (cc Ms. Simenauer, Mr. DeArman, Apex-McCrudden@mckoolsmith.com): "I decline the proposed telephone conference on Tuesday, October 6." And: "I remain available to confer in writing on any motion either party intends to file."

(cc) Oct. 5, 2026, 12:08 p.m., Mr. Morris to me (cc Ms. Simenauer, Mr. DeArman, Apex-McCrudden@mckoolsmith.com): "The proposed meet & confer conference you declined is the one you requested." And: "(1) your attempt to vary procedure from the Local Rules regarding in person or telephonic meet & confers — we

oppose any attempt by Plaintiff in this regard" And: "the Court's Case Management and Scheduling Order (DKT. 25) makes clear that the Court wants the "parties to reach their own agreement regarding" a confidentiality agreement and that the "purpose of [that] Order is to discourage wasteful pretrial activities."" And: "Similarly, your offer to "remain available to confer in writing on any motion either party intends to file" rings hollow." And: "You know that for the meet & confers in this case, we have circulated Zoom invited which you participated by phone or declined to activate the video feature." And: "Please explain in writing how the requested meet & confer could occur in any manner other than telephone (or Zoom/telephone) and also explain how your statement to the Court is not at least misleading if not blatantly false. We reserve all rights to bring these matters up to the Court." And: "Similarly, your suggestion below that Defendants have somehow failed to provide you with a response to your September 29, 2026 email on discovery responses is misleading at best if not blatantly false. Defendants offered to discuss your concerns during the meet & confer that you requested and then subsequently declined." And: "Please explain in writing how your profanity-laced email to me in response to a simple question is somehow in compliance with The Florida Bar's Ideals and Goals of Professionalism." And: "Finally, we note that your refusal to participate in the meet & confer we requested over two weeks ago on September 17, 2026 is again a blatant violation of the local rules. We reserve all rights to bring your continued violations to the Court."

11. After the Court's cautions of May 6, 2026, I followed Section II.A of Doc. 25 as written. I requested live conferral in writing on July 6, July 9, July 17, August 25, and October 1, 2026, and on September 3, 2026, I confirmed to defense counsel that I would confer live as movant and make myself available when Defendants moved. ¶ 10(u), (z). On October 1, 2026, I asked defense counsel to propose a telephone conference on my discovery concerns; on October 2, I declined the conference they proposed and gave notice of this motion. ¶ 10(z), (bb).

12. I am not a lawyer. Defense counsel's emails have told me that Apex may seek sanctions, that I violated the Court's order on artificial intelligence, that my case could be dismissed with prejudice, that further "misconduct" would be reported to the Court, and that my "continued violations" may be brought to the Court. Having been cautioned by the Court that noncompliance may result in dismissal, I take those statements seriously. They have made me anxious about conferring with defense counsel, particularly in live conversations of which neither side keeps a record. In a written exchange I can review defense counsel's legal positions before responding to them. In a live conference I cannot. I am willing to explain the grounds for any relief I seek, respond to Defendants' proposals, and consider alternatives, in writing.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. 28 U.S.C. § 1746.

Executed on October 6, 2026, at Saint Johns, Florida.

/s/ Vincent McCrudden

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

VINCENT McCRUDDEN,

Plaintiff,

v. Case No. 3:26-cv-01073-WWB-LLL

APEX TRADER FUNDING, INC., et al.,

Defendants.
_______________________________________/

# EXHIBIT B

Plaintiff's Memorandum to File of the August 26, 2026
Conference with Defense Counsel (prepared August 26, 2026)

# MEMORANDUM TO FILE

*Contemporaneous record of telephone conference*

---

**Case:** McCrudden v. Apex Trader Funding, Inc., et al., No. 3:26-cv-01073-WWB-LLL (M.D. Fla., Jacksonville Div.)

**Prepared by:** Vincent McCrudden, Plaintiff, pro se

**Date of conference:** Wednesday, August 26, 2026

**Duration:** Approximately 20 minutes

**Participants:** Robert Morris (Morris Law Group); Lauren Simenauer (McKool Smith); Vincent McCrudden

**Purpose:** Local Rule 3.01(g) conferral on Defendants' anticipated motion to stay discovery / for protective order

**Memo prepared:** August 26, 2026, same day as the conference

---

## 1. Background

On August 25, 2026, Ms. Simenauer sent an email stating that Apex intended to file a motion to stay discovery pending resolution of the motion to dismiss or compel arbitration (Doc. 37), and requesting a conferral. I replied the same day stating that I opposed a stay and offering availability. The conference took place by Zoom on August 26, 2026.

At the time of the conference, five sets of written discovery served August 4, 2026 were outstanding, with responses due September 3, 2026: Interrogatories to Apex (Set One); Requests for Production to Apex (Set One); Requests for Admission to Apex (Set One); Interrogatories and Requests for Production to Darrell Martin (Set One); and Interrogatories and Requests for Production to John Mark Skelton (Set One).

## 2. Substance of the conference

- I stated that I oppose any motion for a stay of discovery and any motion for a protective order staying discovery.
- Ms. Simenauer stated that her firm was undergoing changes, that Defendants had a confidentiality issue, and that Defendants needed additional time to determine what they could respond to.
- In response to that stated need, I agreed to extend Defendants' time to respond to all five sets of written discovery from September 3, 2026 to Monday, September 14, 2026. I did not agree to a stay, to a protective order, or to any further extension.
- Mr. Morris stated that neither the Federal Rules nor the Case Management and Scheduling Order prevented me from extending a courtesy, and that attorneys extend such courtesies routinely.
- Mr. Morris referred to the discovery stay entered by Magistrate Judge Lambert in McCrudden v. TopstepFunded LLC, No. 3:26-cv-816-WWB-LLL. I responded that the procedural posture there differs — the stay in that matter was sought at a different stage, in close proximity to the motion to dismiss and compel arbitration.

- Defendants did not identify on the call whether the relief they intend to seek is a stay of all discovery, a stay limited to their own response obligations, or a protective order addressed to confidentiality. Both a stay and a protective order were referred to.
- I offered no alternative arrangements other than the extension described above.

### 3. Conduct of counsel

Mr. Morris again stated that he is an officer of the Court and that he was acting in the Court's interest so as not to waste the Court's time. He conveyed that he could not give me legal advice while indicating that I did not know what I was doing.

I stated that I would not be talked down to and that I did not wish to hear these statements again.

This is the third conference at which Mr. Morris has made statements of this character. I am recording it here for my own file. No characterization of opposing counsel appears in my confirming email or in any filing.

### 4. Follow-up

- Confirming email sent to Ms. Simenauer and Mr. Morris on August 26, 2026, recording the extension to September 14, 2026, its terms under Rule 29(b), the fact that it is not a stay and does not modify Doc. 25, my opposition to a stay or protective order, and the Topstep reference.
- Awaiting Defendants' motion. Response due under Local Rule 3.01(c) once filed.
- Defendants' discovery responses now due September 14, 2026.

____________________________________

Vincent McCrudden
Plaintiff, pro se
Dated: August 26, 2026

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

VINCENT McCRUDDEN,

Plaintiff,

v. Case No. 3:26-cv-01073-WWB-LLL

APEX TRADER FUNDING, INC., et al.,

Defendants.
_______________________________________/

# EXHIBIT C

Email from Robert W. Morris, Esq., to Plaintiff
dated September 1, 2026

Outlook

**Re: McCrudden v. Apex Trader Funding, Inc., No. 3:26-cv-01073-WWB-LLL — Proposed Stipulated Confidentiality Order**

**From** Robert Morris <rmorris@morris-lawgroup.com>
**Date** Tue 9/1/2026 11:49 AM
**To** Vincent McCrudden <support@dinkandlobfl.com>
**Cc** Apex-McCrudden <apex-mccrudden@mckoolsmith.com>; Travis DeArman <travis.dearman@vkhh.com>

Mr. McCrudden,

Thank you for your e-mail below.

We will prepare and send you a draft Protective Order for your review shortly.

Regarding the meet and confer process, we are willing to proceed in written form to the extent permitted by the Court and its Local Rules. There may, however, be times/circumstances when we are required to confer in-person / virtually and we would have to comply with those rules.

Finally, please note that Mr.DeArman has left McKool Smith but will remain engaged in this litigation. Accordingly, please utilize his new e-mail address which is: travis.dearman@vkhh.com (copied above as well).

Best regards,

Robert

---

**From:** Vincent McCrudden <support@dinkandlobfl.com>
**Date:** Tuesday, September 1, 2026 at 10:32 AM
**To:** Robert Morris <rmorris@morris-lawgroup.com>
**Cc:** Apex-McCrudden <apex-mccrudden@mckoolsmith.com>
**Subject:** McCrudden v. Apex Trader Funding, Inc., No. 3:26-cv-01073-WWB-LLL — Proposed Stipulated Confidentiality Order

Counsel,

I write regarding confidentiality of documents produced in discovery in this action.

I propose that the parties negotiate and submit a stipulated confidentiality order in the form customarily entered in this District, including provisions governing designation, handling, storage, non-disclosure, use limited to this litigation, and disposition at the conclusion of the case. I am prepared to be bound by such an order and to comply with its terms.

I do not agree to a provision under which material designated by Defendants would be withheld from me. I am the only person litigating this case on my side, and I cannot litigate documents I am not

permitted to see.

This proposal is separate from the parties' dispute over Defendants' motion at Doc. 45. Nothing in this correspondence reflects any agreement regarding whether discovery should be stayed, and I do not intend it to be characterized as such.

Please circulate a proposed form and I will respond in writing. If Defendants prefer, I will circulate one for Defendants' review.

Going forward, I will conduct correspondence and conferral in this action in writing, and I will attempt to respond promptly to written communications. Please direct correspondence to support@dinkandlobfl.com.

Regards,

Vincent McCrudden
Plaintiff, pro se
31 Flyer Circle
Saint Johns, FL 32259
(646) 220-9900
support@dinkandlobfl.com